## PEOPLE *v.* PANKO

1. CRIMINAL LAW—HANDCUFFED DEFENDANT—TRANSPORTING TO JAIL.
   A defendant may be handcuffed as a safety precaution when being transported between the courthouse and the jail.

2. CRIMINAL LAW—HANDCUFFED DEFENDANT—TRANSPORTING TO JAIL
   —NECESSARY PRECAUTION.
   Police officers' handcuffing a defendant in the hallway of the courthouse in preparation for returning the defendant to jail until the next session of the court did not necessitate a mistrial where the defendant did not contest the prosecutor's statement that such a precaution was necessary because of the defendant's background and where no testimony was taken as to whether any of the jurors actually saw the defendant handcuffed and defense counsel did not request an inquiry to be made of the jurors.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—SUPPLEMENTAL INSTRUCTIONS.
   Refusing to give defense counsel's requested instructions to the jury did not constitute error where the defense's request was made after the judge had reread a statute to the jury, after the jury had requested the statute be reread, because the trial judge was not under a duty to elaborate on the jury's request.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 May 4, 1971, at Grand Rapids. (Docket No. 9203.) Decided June 22, 1971. Leave to appeal denied, 385 Mich 783.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 240.
[3] 4 Am Jur 2d, Appeal and Error §§ 537, 538.

Michael Panko was convicted of breaking and entering with the intent to commit a larceny. Defendant appeals. Affirmed.

*George E. Thick II,* Prosecuting Attorney, and *Daniel R. Webber,* Chief Assistant Prosecuting Attorney, for the people.

*Philip R. Sturz,* for defendant on appeal.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

Holbrook, J. Defendant Michael Panko, was convicted by a jury in the Circuit Court for the County of Saginaw of the offense of breaking and entering with intent to commit a larceny, contrary to MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

Defendant raises two issues on this appeal, alleging (1) error to the trial court for failure to declare a mistrial when he was handcuffed out in the hall or corridor from the courtroom preparatory to being returned to jail and (2) claimed error in supplementary instructions given by the court to the jury at its request.

The pertinent facts in the record appear to be as follows:

At the first trial on September 9, 1969, after a jury was selected, the defendant was handcuffed and shackled while being removed from the courtroom in the presence of the jury. A motion for mistrial was made and without opposition by the people, the motion was granted and the case set again for January 13, 1970. On this latter date, the jury was impaneled and sworn and a recess was taken at 11:33 a.m. until the next morning. The

defendant was handcuffed in the hallway by officers in preparation for returning defendant to the jail until the next session of court in the morning. On January 14, 1970, a motion for mistrial was made by defense counsel in the following words:

"May it please the court, yesterday afternoon when we adjourned for the day it came to our attention as defense for the defendant that when he was returned from the court house that out in the hallways in view of the jurors he was shackled and handcuffed and we feel this would jeopardize the rights to a fair trial and we ask at this time for a mistrial to avoid any prejudice of the jury."

The people's attorney then stated:

"If it please the court, I think there is no question the defendant was shackled in the hall after the court adjourned. I think there are several fact questions as to any impact this may or may not have on the jurors; whether they were there or saw this simply is a matter of speculation and I think right now before the court that there is no evidence as such that any juror even saw it. Whether the court sees fit to interrogate the jurors or whatever course, I wouldn't have any objection, but all we have is the fact that the man was shackled in the hall. If one of the jurors for example did see—I think one could be struck and the court still purify. I think also a certain discretion is given the sheriff's department in a case like this with Mr. Panko's background, so we would oppose."

There was no testimony taken as to whether or not there were jurors actually in the hallway at the time. Defense counsel did not request an inquiry to be made of the jurors. The court denied the motion for a mistrial.

Although it is true that, except under extraordinary circumstances, a defendant is entitled to ap-

pear in court without handcuffs and unshackled, *People* v. *Shaw* (1969), 381 Mich 467, the rule does not extend to safety precautions taken by police officers when a defendant is taken back and forth between the courthouse and the jail.  21 Am Jur 2d, Criminal Law, § 240, pp 277, 278.*

The people mentioned the fact that the defendant's background required precautions to be taken. This was not contested by the defendant at the time of the motion for mistrial.  Under the facts in this case, we conclude that there was no reversible error committed.

After the jury was deliberating for a time, a note from the jury was transmitted to the trial judge which read:

"Can we find the defendant guilty or innocent by the Michigan section of the law only? Please reread this section."

The jury was brought back to the courtroom and the following transpired:

"*The Forman:* It's the part of the section where you read—this is the section they want reread, what you read out there.

"*Mr. Brisbois [defense lawyer]*: He is referring to MSA.

"*The Court:* Very well, this is the section: 'Every person concerned with the commission of an offense whether he directly commits the act constituting the offense or procures counsel, aids or abets in its commission may hereafter be prosecuted, indicted, and tried and upon conviction be punished as if committing the offense.'

"*The Foreman:* Thank you."

---

* "The right to be free of shackles extends alike to the arraignment, the selection of the jury, and all other periods of the trial.  However, a defendant may be handcuffed while being taken back and forth between the courthouse and the jail, especially where it appears that he is a desperate and dangerous criminal."

After the jury retired for further deliberations, the attorney for the defendant stated the following:

*"Mr. Brisbois:* If the court please, in respect to the exchange between court and jury at this time as the record will show it would appear that the charge just reread was not clear to the jury on the first reading and if further explanation of that charge and in view of the testimony adduced in the case I would ask the court to explain the statute further to the jury to this extent. That as a general rule the presence of a person without any previous agreement or conspiracy in furtherance of the crime who does nothing by word or act will not render him guilty. In other words, I think they should be told the mere presence alone does not constitute participation."

The court overruled the objection for further explanation. The supplementary instructions given by the court were in response to the request made by the jury. It was not necessary for the court to elaborate or give instructions in addition to those requested. We rule that the failure to further instruct the jury in accordance with defense counsel's request was not error. When we review the instructions as a whole, they did not mislead the jury and were adequate. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Charles Jackson* (1970), 21 Mich App 132; and *People* v. *White* (1970), 25 Mich App 176.

Affirmed.

All concurred.