PEOPLE v MARTINEZ

Docket No. 79906. Submitted May 9, 1985, at Lansing.—Decided September 20, 1985.

Rudolpho Martinez was charged with murder and having three prior felony convictions. He was convicted, on his plea of guilty, of voluntary manslaughter and of the habitual offender charge, Bay Circuit Court, William J. Caprathe, J. He was sentenced to a prison term of from 100 to 150 years and appealed, claiming that the sentence was an abuse of discretion. *Held:*

1. The sentence, designed to insure that defendant would never be free again, was within the authority of the trial court. The sentence was warranted by a consideration of legitimate sentencing criteria and objectives. Defendant's prior record supported imposition of the sentence.

2. The sentence does not violate the separation of powers by precluding parole. The Legislature expressly authorized a sentence within the range imposed, and the governor always retains the authority to grant reprieves, commutations and pardons.

Affirmed.

1. Criminal Law — Sentencing — Lengthy Sentences.

A trial court properly may impose a lengthy sentence, designed so that the defendant will not be released from prison during his natural life, where such a sentence is expressly authorized by statute and warranted by a dispassionate consideration of legitimate sentencing criteria and objectives.

2. Criminal Law — Sentencing — Separation of Powers.

A sentence, authorized by statute, which has the effect of precluding parole does not violate the constitutional separation of powers: there is no infringement upon a legislative function because the Legislature has authorized such a sentence, and

References

Am Jur 2d, Criminal Law §§ 595 *et seq.*, 625 *et seq.*

Validity of statutes prohibiting or restricting parole, probation, or suspension of sentence in cases of violent crimes. 100 ALR3d 431.

Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335.

there is no infringement upon an executive function because the governor always retains the authority to grant reprieves, commutations and pardons (Const 1963, art 5, § 14).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P.E. Bennett),* for defendant on appeal.

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant, Rudolpho Martinez, was charged with murder, MCL 750.316; MSA 28.548, and, in a supplemental information, with having three prior felony convictions, MCL 769.12; MSA 28.1084. He later pled guilty to a reduced charge of voluntary manslaughter, MCL 750.321; MSA 28.553, and the original habitual offender charge. His plea was given in exchange for the prosecution's dismissal of the original murder charge. Defendant was sentenced to a term of from 100 to 150 years in prison and now appeals as of right. We affirm.

In this Court, the defendant claims that the sentence of 100 to 150 years was an abuse of discretion because (1) it was designed to keep Mr. Martinez from ever being released, (2) it was longer than Mr. Martinez's life expectancy, and (3) it was a violation of the constitutional separation of powers doctrine. We reject all of these arguments.

First, it was evident that the sentence imposed was fashioned to insure that Mr. Martinez would never be a free man again. The trial judge quite pointedly stated that he intended "to design a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentence that will mean that Mr. Martinez will not be released from prison". Under the statute, MCL 769.12; MSA 28.1084, the trial court had the authority to sentence Mr. Martinez for life or for any lesser term. The trial judge obviously selected the long term of years instead of life in hopes that the "lifer law", MCL 791.234(4), MSA 28.2304(4), would not apply so as to make Mr. Martinez eligible for parole consideration after serving ten calender years. See *People v Johnson,* 421 Mich 494; 364 NW2d 654 (1984). We are persuaded that the trial court did not err in imposing a lengthy term of years where such a sentence is expressly authorized by statute and warranted by a dispassionate consideration of legitimate sentencing criteria and objectives.

The second aspect of Mr. Martinez's argument is that, in effect, the trial court imposed a sentence which will exceed his life expectancy. Obviously, that was the trial court's intent and there is no showing that such a sentence was not justified. In fact, there is no claim that this sentence should shock this Court's conscience nor could there be. Mr. Martinez's extensive prior record fully supported the imposition of the sentence in this case.

Thirdly, defendant argues that the sentence violates the separation of powers because it has the effect of precluding parole. There is no infringement by the judiciary upon a legislative function since the Legislature by statute expressly authorized a sentence within the range imposed here. Moreover, there is no infringement upon an executive function since the governor always retains the authority to grant reprieves, commutations and pardons. Const 1963, art 5, § 14.

Affirmed.