PEOPLE v ROBINSON

Docket No. 100123. Submitted June 15, 1988, at Lansing. Decided
  November 7, 1988. Leave to appeal applied for.

  Jeffrey L. Robinson was convicted following a jury trial in the
  Eaton Circuit Court of assault with intent to commit armed
  robbery. Defendant then pled guilty to being a third-offense
  habitual offender and the trial court, Richard M. Shuster, J.,
  sentenced defendant to from 80 to 120 years in prison. Defen-
  dant appealed.

  The Court of Appeals held:

  1. The habitual offender act specifically mandates a sentence
  of life imprisonment or any lesser term. Defendant's sentence
  must be vacated and the case remanded for resentencing as
  defendant was neither sentenced to life imprisonment nor a
  lesser term, the 80 to 120 year sentence far exceeding his life
  expectancy.

  2. The trial court did not err in requiring defendant to wear
  ankle restraints in the courtroom during trial.

  3. The trial court did not abuse its discretion in ruling that
  evidence of defendant's prior convictions could be admitted in
  evidence for impeachment purposes.

  Defendant's conviction is affirmed, his sentence is vacated
  and the matter is remanded for resentencing.

  R. L. TAHVONEN, J., concurred and wrote separately to distin-

REFERENCES

Am Jur 2d, Criminal Law §§ 537, 844 et seq.
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 et
  seq., 26.
Am Jur 2d, Pardon and Parole §§ 73 et seq.
Am Jur 2d, Witnesses §§ 569 et seq.
Permissibility of impeaching credibility of witness by showing ver-
  dict of guilty without judgment or sentence thereon. 28 ALR4th
  647.
Propriety and prejudicial effect of gagging, shackling, or otherwise
  physically restraining accused during course of state criminal
  trial. 90 ALR3d 17.
See the Index to Annotations under Habitual Criminals and Subse-
  quent Offenders and Parole, Probation and Pardon.

guish this case from *People v Oscar Moore,* 164 Mich App 378 (1987), in which he dissented.

1. CRIMINAL LAW — SENTENCING — PROPOSAL B.

A person convicted and sentenced for a crime listed in "Proposal B" is not eligible for parole until he has served his minimum sentence, less any disciplinary credits (MCL 791.233b; MSA 28.2303[3]).

2. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING — PROPOSAL B.

Third-offense habitual offenders may be sentenced to imprisonment for life or for a lesser term; a sentence of 80 to 120 years imprisonment for a third offense habitual offender convicted of a crime listed in Proposal B is neither a sentence of life imprisonment nor for a lesser term where the minimum sentence of 80 years far exceeds the defendant's life expectancy (MCL 769.11, 791.233b; MSA 28.1083, 28.2303[3]).

3. CRIMINAL LAW — TRIAL — SHACKLING OF DEFENDANT.

A defendant must show that prejudice resulted in order to justify reversal based on the fact that he was shackled or restrained during his trial.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

A trial court, in exercising its discretion in determining the admissibility of evidence of a witness' prior conviction of a theft crime punishable by more than one year imprisonment, must examine the degree of probativeness and prejudice inherent in its admission; in determining probativeness, the judge must engage in an objective analysis of the degree to which the crime is indicative of veracity while considering the vintage of the conviction, not either party's need for the evidence; in evaluating prejudice, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process, if the witness is the defendant, must be considered; the prejudice factor escalates with increased similarity and increased importance of the testimony to the decisional process; if the probative nature of the evidence does not outweigh its prejudicial effect, it must be excluded (MRE 609).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Douglas R. Mullkoff,* for defendant.

Before: McDONALD, P.J., and GILLIS and R. L. TAHVONEN,* JJ.

McDONALD, P.J. Defendant was convicted by a jury of assault with intent to commit armed robbery, MCL 750.89; MSA 28.284. Defendant later pled guilty to habitual offender, third offense, MCL 769.11; MSA 28.1083, and received a sentence of 80 to 120 years in prison. Defendant appeals from his conviction and sentence as of right. We affirm in part and reverse in part.

Defendant first claims error in the trial court's imposition of an 80 to 120 year prison sentence. We agree.

Defendant was sentenced as a third-felony offender under the habitual offender act, which provides:

> If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for life or for a lesser term.

Under the "lifer law," a person sentenced to life or a term of years may become eligible for parole in ten years. MCL 791.234(4); MSA 28.2304(4). However, a person convicted and sentenced for a crime listed in "Proposal B" is not eligible for parole until he has served the minimum sentence, less any disciplinary credits. MCL 791.233b; MSA 28.2303(3). Assault with intent to commit armed robbery is a Proposal B offense. MCL 791.233b(d); MSA 28.2303(3)(d).

In *People v Johnson,* 421 Mich 494, 497-498; 364

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 654 (1984), our Supreme Court held that "Proposal B" only applied to indeterminate sentences:

> Accordingly, when a statute authorizes the imposition of a sentence of "life or any term of years" it allows the imposition of a fixed sentence —life—or an indeterminate sentence—any number of years. We observed in *People v Blythe,* 417 Mich 430, 434-435; 339 NW2d 399 (1983), that the Legislature viewed the phrase "life or any term of years" as descriptive of the maximum sentence only. The sentence concepts "life" and "any term of years" are mutually exclusive and a sentencing judge may (in the appropriate case) opt for either but not both.

In the present case, defendant's sentence of 80 to 120 years in prison means he will not be eligible for parole as soon as if he had been sentenced to life imprisonment. In effect, defendant has been sentenced to life without parole, since the minimum sentence of eighty years far exceeds his life expectancy.

Although there is a conflict in this Court on whether it shocks the conscience to sentence people to terms of years greater than their life expectancies,[1] that is not the issue in this case.

The instant case involves a sentence imposed pursuant to the habitual offender act which specifically mandates a sentence of life imprisonment or any "lesser term." Thus, as defendant was neither sentenced to life imprisonment nor a lesser term, 80 to 120 years exceeding defendant's life expec-

---

[1] See *People v Martinez,* 147 Mich App 94; 382 NW2d 741 (1985), and *People v Harden,* 166 Mich App 106; 420 NW2d 136 (1988), for cases finding that such sentences do not "shock the conscience." Contra, see, *People v Oscar Moore,* 164 Mich App 378; 417 NW2d 508 (1987).

tancy, defendant's sentence must be vacated and the case remanded for resentencing.

Defendant's remaining issues pertain to alleged errors which occurred during defendant's trial. Although we find them to be without merit, we will address each one briefly.

Defendant first claims the trial court erred in requiring defendant to wear ankle restraints in the courtroom during trial. We disagree.

In order to justify reversal based on the presence of shackles or restraints during trial, the defendant must show that prejudice resulted. *People v Herndon,* 98 Mich App 668; 296 NW2d 333 (1980). In the instant case, the record indicates defendant was an escape risk because of previous escapes. Moreover, no objection was made to the presence of the restraints during trial. Prior to trial, defense counsel merely requested an attempt be made to cover the restraints to prevent the jury from viewing them. Thereafter, the trial judge inspected the restraints and stated on the record, after turning the locking device to the back side and adjusting defendant's pant legs, that the restraints did not show.

We find no prejudice because there was reason to believe defendant was an escape risk and the leg restraints were unobtrusive. See *People v Jankowski,* 130 Mich App 143; 342 NW2d 911 (1983).

Defendant next claims error in the admission of evidence of three prior convictions for purposes of impeachment.

MRE 609 governs the determination whether evidence of prior convictions is admissible to impeach a witness. MRE 609 was recently amended by our Supreme Court in *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). Although the amended rule did not become effective until March 1, 1988, and is, therefore, inapplicable to the instant case,

the Court's clarification of the balancing test employed under the old rule was given limited retroactive effect and does apply.

Since the prior convictions in the present case are theft related, the wording of the theft "balancing test" portion of the new rule is directly relevant to the present case:

> If it is a theft crime and it is punishable by more than one year's imprisonment, the trial judge would exercise his discretion in determining the admissibility of the evidence by examining the degree of probativeness and prejudice inherent in the admission of the prior conviction. For purposes of the probativeness side of the equation, only an objective analysis of the degree to which the crime is indicative of veracity and the vintage of the conviction would be considered, not either party's need for the evidence. For purposes of the prejudice factor, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process would be considered. The prejudice factor would, of course, escalate with increased similarity and increased importance of the testimony to the decisional process. Finally, unless the probativeness outweighs the prejudice, the prior conviction would be inadmissible. [429 Mich 605-606.]

The trial court ruled that evidence of 1980 convictions of breaking and entering of an occupied dwelling and larceny from a building along with a 1986 conviction for grand larceny were admissible for impeachment purposes. The defendant did not testify. The prosecution presented a strong case for conviction. Having reviewed the trial court's decision to allow evidence of the defendant's prior convictions under the clarified balancing test, we find no abuse of discretion.

Defendant last claims the prosecutor improperly

vouched for a witness' credibility during closing arguments and, therefore, a new trial is required.

Defendant's failure to object to the alleged error at trial precludes review of the issue by this Court absent a miscarriage of justice. *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988). We find no such miscarriage of justice.

Defendant's conviction is affirmed, his sentence vacated, and the matter remanded for resentencing.

Gillis, J., concurred.

R. L. Tahvonen, J. *(concurring).* I write separately to distinguish this case from *People v Oscar Moore,* 164 Mich App 378; 417 NW2d 508 (1987), and to explain my concurrence here in the face of my dissent there.

In *Moore,* the defendant was convicted of a number of crimes, among them armed robbery. He was sentenced to a term of one hundred to three hundred years in prison for armed robbery. The pertinent statute provided that armed robbery was "punishable by imprisonment in the state prison for life or for *any* term of years." MCL 750.529; MSA 28.797. On appeal to this Court, the majority vacated the sentence, holding that—as a matter of statutory construction—a term of years sentence must be less than the defendant's life expectancy at the time of sentencing.[1] I dissented, writing that the Legislature had unambiguously authorized a

---

[1] Neither opinion in *Moore* addressed the question whether the one hundred to three hundred year sentence should shock the conscience of the Court. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Obviously, a sentence that bears no reasonable relationship to any legitimate sentencing goal should be vacated on appeal. For that reason, a truly Draconian term of years sentence is better theater than law.

sentence for *any* term of years and that restrictive judicial construction was neither necessary nor appropriate.

In this case, the Legislature unambiguously expressed a contrary intent. The pertinent habitual offender statute authorizes imprisonment "for life or for a *lesser* term." MCL 769.11; MSA 28.1083. The same regard for a simple reading of plain language that prompted my dissent in *Moore* commands my concurrence here. If any term of years means "any" in *Moore,* then a *lesser* term of years must mean less than life here. That being so, I join the majority's opinion and the result it requires.[2]

---

[2] The incongruity created by taking the Legislature at its word is apparent. An armed robber can receive a longer sentence than a third-felony offender. Nonetheless, I do not view the judiciary as possessing a general commission to bring order to legislative chaos in the guise of "statutory construction."