PEOPLE v MARTINEZ (AFTER REMAND)

Docket No. 167148. Submitted December 20, 1994, at Detroit. Decided April 21, 1995, at 11:00 A.M. Leave to appeal sought.

Rudolpho S. Martinez pleaded guilty in the Bay Circuit Court, William J. Caprathe, J., of voluntary manslaughter and of being a fourth-offense habitual offender and was sentenced to 100 to 150 years of imprisonment. The Court of Appeals, R. B. BURNS, and BRONSON and R. L. TAHVONEN, JJ., affirmed, 147 Mich App 94 (1985), and the Supreme Court denied leave to appeal, 425 Mich 873 (1986). The trial court granted a motion for resentencing in light of *People v Moore,* 432 Mich 311 (1989), and resentenced the defendant to 77½ to 116¼ years of imprisonment. The Court of Appeals, DANHOF C.J., and SHEPHERD and MARILYN KELLY, JJ., remanded for resentencing before a different judge, holding that prior misdemeanor convictions obtained without counsel improperly had been considered at sentencing, 193 Mich App 377 (1992). The trial court, Eugene C. Penzien, J., resentenced the defendant to 70 to 116 years of imprisonment. The defendant appealed the sentence.

After remand, the Court of Appeals *held:*

1. The trial court did not err in refusing to order that a totally new presentence report be prepared. A completely new report is not required for resentencing, and a supplemental report was properly prepared in this case in compliance with *People v Triplett,* 407 Mich 510 (1980).

2. The trial court erred in refusing to strike from the presentence report certain information about the defendant's juvenile record. The error was harmless, however, because the trial court stated that the information was not relevant and was not considered. Nevertheless, on remand, the information about the juvenile record should be stricken and a corrected copy of the report should be transmitted to the Department of Corrections.

3. The trial court erred in considering disciplinary credits in calculating the defendant's minimum sentence. Persons sentenced as habitual offenders are not eligible for parole before the expiration of the minimum sentence except by written permission of the sentencing judge or the judge's successor. Therefore, they may not earn disciplinary credits. On remand, the defendant's sentence is to be amended to the 60- to 100-year

term the trial court stated it would impose if this Court determined that consideration of disciplinary credits was improper.

4. The amended sentence is not disproportionate in light of the brutality of the crime, the defendant's record of assaultive behavior, the danger he presents to society, and the fact that the defendant has changed little in the ten years he has been in prison. The amended sentence also does not exceed his life expectancy. The defendant has a reasonable prospect of living into his early nineties and will be eligible for parole at age eighty-five. *People v Weaver (After Remand)*, 192 Mich App 231 (1991).

Affirmed in part and remanded.

K. T. WILDER, J., concurring, stated that application of *People v Weaver (After Remand)* to this case is appropriate.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for the defendant on appeal.

AFTER REMAND

Before: MARILYN KELLY, P.J., and W. P. CYNAR[*] and K. T. WILDER,[**] JJ.

W. P. CYNAR, J. In 1984, defendant pleaded guilty of voluntary manslaughter, MCL 750.321; MSA 28.553, and of being a fourth-felony habitual offender, MCL 769.12; MSA 28.1084, in exchange for the dismissal of first-degree murder charges, MCL 750.316; MSA 28.548, in the beating death of his sixteen-year-old girl friend. In 1993, defendant was resentenced to a term of 70 to 116 years. This

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

[**] Circuit judge, sitting on the Court of Appeals by assignment.

is defendant's third appeal as of right.[1] We affirm in part and remand for modification of defendant's sentence and for correction of the presentence report.

Defendant first argues that his sentence is disproportionate. We disagree.

Although the sentencing guidelines do not apply to habitual offender convictions, the trial court must compute the guidelines for the underlying offense. *People v Cutchall*, 200 Mich App 396, 409; 504 NW2d 666 (1993). Contrary to what the trial court apparently believed, the guidelines are a helpful tool to be considered in habitual offender cases. *People v Derbeck*, 202 Mich App 443, 446-449; 509 NW2d 534 (1993). However, because the fourth-felony habitual offender statute, MCL 769.12; MSA 28.1084, authorizes enhancement of the statutory maximum up to any term of years or life, comparing the degree of enhancement authorized by the statute to the range recommended by the guidelines is of limited utility. *Derbeck* at 448-449.

In this case, the guidelines' range for the underlying offense of voluntary manslaughter was seven to ten years. As will be seen below, defendant's amended sixty-year minimum sentence is six times the upper end of the range. The trial court justified its sentence with the brutality of the crime, defendant's assaultive record, the danger he repre-

[1] This Court initially affirmed defendant's sentence and leave was denied by the Supreme Court. *People v Martinez*, 147 Mich App 94; 382 NW2d 741 (1985), lv den 425 Mich 873 (1986). However, defendant's subsequent motion for resentencing was granted in light of *People v Moore*, 432 Mich 311; 439 NW2d 684 (1989), and he again appealed. This Court held that convictions obtained without counsel improperly had been taken into account and remanded for resentencing before a different judge. *People v Martinez*, 193 Mich App 377, 387; 485 NW2d 124 (1992). It is from that sentence that defendant now appeals.

sents to society, and the court's perception that defendant had not changed much in his ten years in prison. We find no abuse of discretion.

Next, defendant argues that the trial court erred in refusing to order that a totally new presentence information report be prepared, in refusing to strike certain matters from the supplemental report, and in leaving legible materials that it had agreed to strike. Although we agree in part, resentencing is not required.

There is no requirement that a completely new report be prepared for resentencing. A supplemental report was properly prepared in this case in compliance with *People v Triplett*, 407 Mich 510, 511; 287 NW2d 165 (1980). As required by the statute, inaccuracies were "stricken." See MCL 771.14(5); MSA 28.1144(5); see also MCR 6.425(D)(3)(a). There is no requirement that information to which challenges were sustained be made completely illegible at the time of sentencing, as long as it is "stricken" and the court does not consider it.

With regard to defendant's juvenile record, the trial court refused to strike a reference to assault and possession of marijuana with subsequent probation. The court stated on the record that the information had "no bearing at all on the sentence and it will not be considered on the sentence." The trial court nevertheless declined to strike the entry because the court thought that the information might be useful to the Department of Corrections for some unspecified purpose.

We agree with defendant that the court erred in refusing to strike information that it deemed irrelevant. See MCL 771.14(5); MSA 28.1144(5); see also MCR 6.425(D)(3)(a). However, because the information was not considered, the error was harmless beyond a reasonable doubt. *People v Fisher*, 442

Mich 560, 567, n 4; 503 NW2d 50 (1993). Nevertheless, on remand, the information should be stricken and a corrected copy of the report should be transmitted to the Department of Corrections. *People v Swartz,* 171 Mich App 364, 380-381; 429 NW2d 905 (1988); *People v Taylor,* 146 Mich App 203, 205-206; 380 NW2d 47 (1985). We stress that, because the court deemed the information irrelevant, defendant is not entitled to resentencing.

Defendant next argues that the trial court erred in considering disciplinary credits in calculating his minimum sentence because, as an habitual offender, he would not be eligible to earn disciplinary credits. We agree.

Persons sentenced as habitual offenders are not eligible for parole before the expiration of the minimum sentence except by written permission of the sentencing judge or the judge's successor. MCL 769.12(3); MSA 28.1084(3). Therefore, they may not earn disciplinary credits. *People v Lincoln,* 167 Mich App 429, 431; 423 NW2d 216 (1987). The trial court therefore erred in considering such credits in determining whether the minimum sentence exceeded defendant's life expectancy. Rather than reversing, however, we remand for amendment of the sentence to correspond to the 60- to 100-year term that the trial court stated it would impose if this Court determined that consideration of disciplinary credits was improper.

Lastly, defendant argues that his sentence should be set aside because it exceeds his life expectancy. We disagree. Under the amended sentence, defendant will be eligible for parole when he is eighty-five. Because we are bound by precedent holding that a defendant has a "reasonable prospect" of living into his early nineties, the amended sentence does not violate *People v Moore,* 432 Mich 311, 329; 439 NW2d 684 (1989). See

*People v Weaver (After Remand),* 192 Mich App 231, 234-235; 480 NW2d 607 (1991).

Affirmed in part and remanded for modification of defendant's sentence and correction of the presentence report in accordance with this opinion. We do not retain jurisdiction.

MARILYN KELLY, P.J., concurred.

K. T. WILDER, J. *(concurring).* I agree with the result in this case, and write separately only to state that I have no hesitation in applying *People v Weaver (After Remand),* 192 Mich App 231; 480 NW2d 607 (1991), to the facts of this case. See also *People v Merriweather,* 447 Mich 799; 527 NW2d 460 (1994).