PEOPLE v GATEWOOD (ON REMAND)

Docket No. 193626. Submitted March 29, 1996, at Lansing. Decided May 14, 1996, at 9:05 A.M.

Sheldon L. Gatewood pleaded guilty in the Genesee Circuit Court, Thomas C. Yeotis, J., of armed robbery and of being a second-offense habitual offender. The defendant was sentenced to imprisonment for ten to thirty years. The Court of Appeals, BANDSTRA, P.J., and CAVANAGH and H. A. BEACH, JJ., remanded for resentencing, holding that the sentencing guidelines should be used in determining whether an habitual offender's sentence is proportionate. 214 Mich App 211 (1995). The defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration and stated that the sentencing guidelines may not be used in the appellate review of sentences for habitual offenders. 450 Mich 1021 (1996).

On remand, the Court of Appeals *held*:

Review of the defendant's habitual offender sentence, which is limited to considering whether the sentence is proportional pursuant to *People v Milbourn*, 435 Mich 630 (1990), discloses that the sentence does not violate the principle of proportionality and that the trial court did not abuse its discretion in sentencing the defendant.

Affirmed.

SENTENCES — HABITUAL OFFENDERS — APPEAL.

The sentencing guidelines are not used in the appellate review of sentences for habitual offenders; such review is limited to the determination whether an habitual offender sentence violates the principle of proportionality.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief, Appeals, Research, and Training, for the people.

State Appellate Defender (by *Deborah Winfrey Keene*), for the defendant on appeal.

ON REMAND

Before: BANDSTRA, P.J., and GRIBBS and CAVANAGH, JJ.

PER CURIAM. On November 3, 1995, we issued our opinion in this matter. *People v Gatewood*, 214 Mich App 211; 542 NW2d 605 (1995). On March 19, 1996, the Supreme Court, in lieu of granting leave to appeal, issued an order remanding the case to this Court for reconsideration in light of its order. *People v Gatewood*, 450 Mich 1021 (1996). Pursuant to that order, appellate review of habitual offender sentences using the sentencing guidelines in any fashion is inappropriate. Thus, our review of an habitual offender sentence is limited to considering whether the sentence violates the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), without reference to the guidelines. In light of the circumstances surrounding the offense and offender in this case, we conclude that defendant's sentence does not violate the principle of proportionality, *Milbourn, supra*, and the trial court did not abuse its discretion in sentencing defendant, *People v Cervantes*, 448 Mich 620, 627, 630; 532 NW2d 831 (1995).

We affirm.