PEOPLE v HAACKE

Docket No. 185082. Submitted April 16, 1996, at Grand Rapids. Decided July 5, 1996, at 9:15 A.M.

Tracey S. Haacke pleaded guilty in the Alpena Circuit Court, John F. Kowalski, J., of possession with intent to deliver marijuana, delivery of marijuana, two counts of delivery of lysergic acid diethylamide (LSD), and of being a second-offense habitual offender. The defendant was sentenced as an habitual offender to imprisonment of five to eight years for the marijuana convictions and five to fourteen years for the LSD convictions. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in scoring ten points for Offense Variable (OV) 8 of the Michigan Sentencing Guidelines, which addresses continuing patterns of criminal behavior. There was evidence from which the trial court could reasonably infer that the defendant's offenses were part of criminal activity over a period, from which he derived a substantial portion of his income.

2. The trial court erred in scoring OV 16, which deals with aggravated controlled substance offenses, at fifteen points. The correct score was zero points. However, pursuant to *People v Gatewood*, 450 Mich 1021 (1996), appellate review of habitual offender sentences using the sentencing guidelines is inappropriate. A trial court has no obligation to take the guidelines into consideration in determining a sentence for an habitual offender.

3. The defendant's sentences are not disproportionate under *People v Milbourn*, 435 Mich 630 (1990).

Affirmed.

SENTENCES — HABITUAL OFFENDERS.

A trial court has no obligation to take the Michigan Sentencing Guidelines into consideration in determining a sentence for an habitual offender; appellate review of habitual offender sentences using the sentencing guidelines is inappropriate.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis P. Grenkowicz*,

Prosecuting Attorney, and *Charles D. Hackney*, Assistant Attorney General, for the people.

*Farmer Law Office* (by *Michael Vogler*), for the defendant on appeal.

Before: McDONALD, P.J., and MARKMAN and C. W. JOHNSON,* JJ.

PER CURIAM. Defendant pleaded guilty of possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), delivery of marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), two counts of delivery of lysergic acid diethylamide (LSD), MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b), and of being a second-offense habitual offender, MCL 769.10; MSA 28.1082. As a result, defendant was sentenced to a term of imprisonment of five to eight years for the marijuana convictions and five to fourteen years for the LSD convictions. He appeals his sentences as of right. We affirm.

Defendant objects to the scoring of Offense Variable (OV) 8 (continuing pattern of criminal behavior) at ten points. OV 8 requires that ten points be scored when "the offenses are a part of a pattern of criminal activity over a period of time from which the offender derives a substantial portion of his or her income." The trial court has discretion in determining the number of points to be scored provided there is evidence on the record that adequately supports that particular score. *People v Derbeck*, 202 Mich App 443, 449; 509 NW2d 534 (1993). Scoring decisions for which there is any evidence in support will be upheld. *People v Her-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*nandez*, 443 Mich 1, 16; 503 NW2d 629 (1993). In the instant case, it appears that defendant's four drug felonies occurred over a period of at least six months from December 1993 to June 1994. The only indication of gainful employment by defendant was his assertion that he "supported himself with help from his mother in mowing lawns during the summer." There is no indication of any employment on defendant's part during the period when his criminal activities occurred. We believe that the trial court can make reasonable inferences concerning the profitability of the drug trade sufficient to sustain its scoring of OV 8. We find no abuse of discretion on the trial court's part in scoring OV 8 at ten points under these circumstances.

Defendant next contends that an error was made in the calculation of his guideline range based upon the trial court's scoring of OV 16 (aggravated controlled substance offense). Defendant's guideline range was calculated by the court at D-IV (twenty-four to fifty-six months). However, the correct guideline range based upon the trial court's own factual and legal determinations was D-III (eighteen to forty-eight months). Although the court stated on the record that defendant was entitled to be scored zero points for OV 16, the Sentencing Information Report and defendant's guideline range reflect the originally proposed scoring of fifteen points. Defendant was sentenced to a term of imprisonment four months above the incorrect guideline range and twelve months above the correct guideline range.

While the guidelines do not apply to habitual offenders, *People v Finstrom*, 186 Mich App 342, 345-346; 463 NW2d 272 (1990), defendant argues that they

do serve as a "starting point" in sentencing such individuals. *People v Gatewood*, 214 Mich App 211, 212; 542 NW2d 605 (1995). However, the Michigan Supreme Court recently held that the *Gatewood* Court erred in finding this relationship between the guidelines and habitual offender sentences. *People v Gatewood*, 450 Mich 1021 (1996). Rather, "a majority of the Supreme Court agreed [in *People v Cervantes*, 448 Mich 620; 532 NW2d 831 (1995)] that appellate review of habitual offender sentences using the sentencing guidelines is inappropriate." *Gatewood, supra.* We infer from this statement that, if appellate consideration of the guidelines in such circumstances is "inappropriate," there concomitantly is no obligation upon the trial court to take the guidelines into consideration in its sentencing determinations for habitual offenders.[1] This inference is bolstered by our reading of *Cervantes*. In *Cervantes*, three members of the Supreme Court (Justice RILEY joined by Justices MALLETT and WEAVER) observed:

> [T]he sentencing guidelines do not apply to habitual offenders. . . . There was no consideration of habitual offender sentencing in the creation of the existing guidelines; therefore, it would be both misleading and statistically invalid to attempt in any way to apply the existing guidelines to the sentencing of habitual offenders. Further, to hold that the sentencing guidelines have any effect on

---

[1] However, we do believe that the guidelines must continue to be calculated even though they do not need to be taken into consideration in the sentencing determination. Section B.3 of the General Instructions to the Michigan Sentencing Guidelines provides that "Even though the Sentencing Guidelines do not apply where an offender is to be sentenced as an habitual offender, the judge must complete the SIR on the underlying offense. This information will aid in the development of guidelines to cover habitual offenders." See also *People v Zinn*, 217 Mich App 340; 551 NW2d 704 (1996).

the sentencing of habitual offenders would preempt the Legislature's development of guidelines that will specifically address habitual offender sentences. [*Id.* at 625-626.]

Concurring in the results in *Cervantes*, a fourth member of the Court, Justice BOYLE, stated:

If the Court were free to create an appellate standard of sentencing review in such cases, the standard articulated in Justice RILEY's opinion would be appropriate.

I cannot, however, join in Justice RILEY's effort, because of my continuing belief that the allowance of appellate review of statutorily valid sentences constitutes an unconstitutional incursion into the sentencing discretion delegated in this instance by the Legislature to trial judges. [*Id.* at 637.]

On the basis of the order in *Gatewood*, we conclude that the trial court did not err in failing to consider the correct guideline range before imposing sentence upon defendant. *People v Gatewood (On Remand)*, 216 Mich App 559; 550 NW2d 265 (1996). While nothing in the law would preclude a trial court from taking the sentencing guidelines into consideration in the course of determining a sentence for an habitual offender, such consideration is not obligatory as a "starting point," as a "reference point," or otherwise. Nevertheless, it may still be a potentially useful tool in deriving a "proportionate" sentence for the habitual offender. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

We further conclude that defendant's sentences are not disproportionate under *Milbourn*. Defendant has raised no arguments in support of such a proposition other than that the court erred in its calculation of defendant's sentencing guidelines.

Affirmed.