## PEOPLE v MILLER

Docket No. 106813. Submitted January 20, 1989, at Detroit. Decided April 27, 1989.

Jeffrey Scott Miller pled guilty to two counts of breaking and entering an unoccupied dwelling, Barry Circuit Court, Richard M. Shuster, J. In exchange for defendant's plea, the prosecution agreed to dismiss four pending breaking and entering charges and agreed not to prosecute defendant as an habitual offender. The trial court imposed concurrent sentences of 6½ to 10 years in prison. In departing from the sentencing guidelines' recommended minimum range of zero to twelve months, the court stated that defendant, who had compiled a record of prior misdemeanor convictions as a juvenile and as an adult, fit the "classic profile of a juvenile delinquent extending his conduct into adulthood." Defendant appealed, claiming his prior criminal record consisted of juvenile adjudications and misdemeanor convictions obtained when he was not represented by counsel, and that the trial court had improperly enhanced his punishment on the basis of the prior convictions. The Court of Appeals remanded the case to allow defendant to file motions for a hearing to determine the validity of the prior convictions and for a resentencing. On remand, the trial court acknowledged that it had considered the uncounseled prior convictions at sentencing, but denied the motion for resentencing.

The Court of Appeals, which had retained jurisdiction, *held:*

1. A court may not enhance punishment at sentencing because of a prior misdemeanor or ordinance conviction obtained when the defendant was not represented by counsel.

2. Defendant is entitled to a corrected presentence information report, from which references to the prior uncounseled convictions shall be stricken. Defendant shall also be resentenced by a different judge.

Remanded for resentencing.

REFERENCES

Am Jur 2d, Criminal Law § 538; Habitual Criminals and Subsequent Offenders §§ 14, 15.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

CRIMINAL LAW — SENTENCING — SENTENCE ENHANCEMENT — PRIOR
   CONVICTIONS — CONVICTIONS OBTAINED WITHOUT COUNSEL.
   A court may not enhance punishment at sentencing because of a
   prior misdemeanor or ordinance conviction obtained when the
   defendant was not represented by counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Dale Crowley,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sherrie P. Guess*), for defendant on appeal.

Before: SULLIVAN, P.J., and WAHLS and CAVANAGH, JJ.

PER CURIAM. On August 12, 1987, defendant Jeffrey Scott Miller, twenty years of age, pled guilty to two counts of breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305, in Barry Circuit Court. The prosecutor agreed not to charge defendant as an habitual offender and to dismiss four pending breaking and entering charges as well as an additional habitual-offender charge. On September 25, 1987, defendant was sentenced to concurrent terms of 6½ to 10 years in prison, a departure from the sentencing guidelines which called for a minimum range of zero to twelve months. The court departed on the grounds that defendant fit the "classic profile of a juvenile delinquent extending his conduct into adulthood."

On February 22, 1988, defendant appealed as of right, claiming his prior criminal record consisted of uncounseled juvenile adjudications and misdemeanor convictions which could not be used to enhance punishment. On July 1, 1988, this Court granted defendant's motion to remand for a *Tucker/Moore* hearing, *United States v Tucker,*

404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), retaining jurisdiction. On October 5, 1988, the trial court denied defendant's motion for a resentencing. We now vacate defendant's sentence and remand for resentencing before a different judge.

At sentencing, defense counsel accurately summarized defendant's prior record as follows:

> The first item was a—was a joyriding; second item again is the proper—improper registration [of] plates; the third, trying to obtain alcohol with an altered driver's license; the fourth is the larceny under a hundred, which I believe would be one prior misdemeanor; the fifth is exhibition driving; sixth is minor in possession and display of an altered operating license; the sixth [sic] is driving on suspend[ed license], failing—failing to report a personal injury accident, no proof of insurance; next, disorderly person; and the next brings us to the current charges.

Clearly, defendant's prior record consisted solely of traffic and other menial misdemeanor offenses. We therefore find the sentencing court's sixfold departure from the sentencing guidelines on this record to have been an abuse of discretion to the extent that it shocks our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Further, the sentence imposed was excessive as one which "exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it." *Id.,* pp 542-543. Here, defendant's convictions were for nonviolent theft offenses, directed against property and not persons. In light of all the circumstances, we find the imposition of the statutory maximum, see MCL 750.110; MSA 28.305, to have been an abuse of discretion.

Further, at defendant's *Tucker/Moore* hearing, defendant established that he was unrepresented by counsel in all but one prior misdemeanor conviction and that valid waivers of counsel had not been obtained. These convictions were constitutionally infirm and could not be used to enhance punishment. See *People v Olah,* 409 Mich 948; 298 NW2d 422 (1980). The sentencing court acknowledged that it had considered uncounseled convictions when imposing sentence, but reasoned that it was aware of the infirmity, noted this factor on the record prior to passing sentence, and thus no error occurred. See *Moore, supra,* p 437. We disagree. In *Olah,* our Supreme Court held in no uncertain terms that "[a] court may not enhance punishment at sentencing because of a misdemeanor or ordinance conviction obtained when defendant was not represented by counsel," citing *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980). In departing from the guidelines on the basis of constitutionally infirm misdemeanor convictions, we find that the sentencing court "enhanced punishment" and therefore erred. It is well settled that a court may not consider factors violative of a defendant's constitutional rights in passing sentence. See *People v Yennior,* 399 Mich 892 (1977) (defendant's refusal to admit guilt); *People v Courts,* 401 Mich 57; 257 NW2d 101 (1977) (defendant's right to trial); *People v Earegood,* 383 Mich 82; 173 NW2d 205 (1970) (defendant's demand for trial by jury); *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981) (defendant's refusal to plead guilty); *People v Gray,* 66 Mich App 101; 238 NW2d 540 (1975) (defendant's maintaining his innocence); *People v Anderson,* 391 Mich 419; 216 NW2d 780 (1974) (defendant's declining to testify).

We conclude that defendant is entitled to a

resentencing and a correction of the presentence information report in which references to prior uncounseled convictions shall be stricken. We believe it is appropriate that defendant be resentenced before a different judge. See *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986). We cannot reasonably expect the sentencing judge to erase from his mind previously expressed views and findings involving the defendant. *Id.*

Remanded for resentencing. We do not retain jurisdiction.