PEOPLE v GIST

Docket No. 119652. Submitted March 11, 1991, at Detroit. Decided August 19, 1991, at 9:20 A.M. Leave to appeal denied, 439 Mich 863.

David Gist, Jr., was convicted by a jury trial in the Recorder's Court of Detroit, Michael J. Talbot, J., of breaking and entering a motor vehicle with the intent to steal property valued in excess of five dollars. The defendant thereafter pleaded guilty of being a fourth-felony offender and was sentenced to forty to eighty years in prison. He appealed, claiming that the trial court erred in admitting certain statements made to the police at the time of his arrest and that the sentence imposed was excessive.

The Court of Appeals *held:*

1. Because the statements made by the defendant at the time of his arrest were admissions of fact rather than confessions of guilt, there was no need for the court to determine whether they were voluntarily made. The court properly admitted testimony concerning those statements.

2. While believing that there was merit in the defendant's claim that the forty-year minimum sentence, when combined with his age of forty-eight, constituted a minimum sentence that exceeds his reasonable life expectancy, the Court of Appeals was constrained to reject that claim by *People v Rushlow,* 437 Mich 149 (1991).

3. Because the trial court did not consider the question of the proportionality, remand is required for resentencing, at which time the defendant may attack the proportionality of the sentence.

Conviction affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jospeh A. Puleo,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and D. F. WALSH,* JJ.

MICHAEL J. KELLY, J. Following a jury trial, defendant was convicted of breaking and entering a motor vehicle with intent to steal property with a value in excess of five dollars, MCL 750.356(a); MSA 28.588(1). Defendant subsequently pleaded guilty of being a fourth-felony offender, MCL 769.12; MSA 28.1084, and on March 24, 1989, was sentenced to forty to eighty years in prison. He appeals as of right, raising two issues.

The first issue raised on appeal is whether the court erred in admitting into evidence statements defendant alleges he involuntarily made to the police following his arrest. The statements that defendant claims amount to a confession of guilt are: "The white guy that ran across the grass can't identify me." and "Where are the six money bags that were taken?"

A confession must be given voluntarily in order to be admissible. *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965). When a defendant claims that certain statements made to the police were involuntary and should be suppressed at trial, the trial court is to hold a hearing to determine the voluntariness of the confession. *Id.* However, where the defendant's statements were admissions of fact, rather than a confession of guilt, no finding of voluntariness is necessary. *People v Wytcherly,* 172 Mich App 213, 219; 431 NW2d 463 (1988). An admission of fact is distinguished from a confession of guilt by the fact that

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

an admission, in the absence of proof of facts in addition to those admitted by the defendant, does not show guilt. *Id.* In the instant case, defendant's statements do not show that he committed the crime of which he was convicted. We therefore find no error.

Defendant's second claim is that his sentence is disproportionate and exceeds his life expectancy. Defendant was forty-eight years of age at the time he was sentenced to forty to eighty years in prison. Our reasoning in *People v Mayfield,* 182 Mich App 282; 451 NW2d 583 (1990), fits defendant's position precisely. It is useless to repeat the reasoning in that case, because it has been vitiated. Suffice it to say that we would have found this sentence violative of *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), but for the lamentable holding of *People v Rushlow,* 437 Mich 149; 468 NW2d 487 (1991). The Supreme Court, without statistical analysis or reference to mortality tables, affirmed a 75-to 150-year sentence for a twenty-six-year-old defendant, thus setting a new target for the bell ringers.

However we do find it appropriate to remand this matter for resentencing under the proportionality standard of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). That appears to be the only remaining safeguard against the return to unfettered sentencing discretion by idiosyncratic sentencers. This sentence was imposed well before *Milbourn* was decided, and the issue was preserved. Defendant must have the opportunity to attack its proportionality. The court shall permit evidentiary proofs in this regard.

Defendant's conviction is affirmed, his sentence vacated, and the case is remanded for resentencing. We retain jurisdiction.