PEOPLE v MARTINEZ

Docket No. 127957. Submitted September 5, 1991, at Lansing. Decided
April 6, 1992, at 9:05 A.M.

Rudolpho Martinez pleaded guilty in 1984 in the Bay Circuit
Court, William J. Caprathe, J., of manslaughter and of being
an habitual offender, fourth-offense, and was sentenced to 100
to 150 years' imprisonment. The Court of Appeals, R. B. BURNS,
P.J., and BRONSON and R. L. TAHVONEN, JJ., affirmed, 147 Mich
App 94 (1985), and the Supreme Court denied leave to appeal,
425 Mich 873 (1986). In 1989, Judge Caprathe granted the
defendant's motion for resentencing, finding it required pursu-
ant to *People v Moore,* 432 Mich 311 (1989), because the
original sentence could not be served within the defendant's
lifetime. Judge Caprathe resentenced the defendant to 77½ to
116¼ years' imprisonment, stating that with disciplinary cred-
its the defendant would be released at age eighty-seven. The
defendant filed a claim of appeal, which was dismissed by the
Court of Appeals, GRIFFIN, P.J., and SAWYER and MURPHY, JJ.,
for lack of jurisdiction on the basis that the appeal of the
defendant's resentencing was by leave only. Unpublished order
of the Court of Appeals of June 20, 1990. On rehearing, the
order was vacated, the claim of appeal was reinstated, and the
parties were ordered to brief the question whether the defen-
dant was entitled to an appeal of right. Unpublished order of
the Court of Appeals of September 10, 1990.

The Court of Appeals *held:*

1. An appeal of a sentence entered after a postappeal motion
for resentencing was granted, because the original sentence had
been undermined by a retroactive change in the law, is an
appeal of right.

2. Although decided incorrectly, prior appellate opinions
holding that a sentencing judge may consider disciplinary
credits for the purpose of determining a sentence that a defen-
dant reasonably might serve and that a prisoner has a reason-

REFERENCES

Am Jur 2d, Appeal and Error § 267.
See the Index to Annotations under Appeal and Error; Sentence
and Punishment.

able prospect of living to age eighty-seven are binding; accordingly, the new sentence complies with the requirement that there be a reasonable prospect that the sentence can be served within the defendant's lifetime.

3. Resentencing is required because of the refusal of the sentencing court to delete from the presentence report and dismiss from its consideration references to the defendant's constitutionally infirm misdemeanor convictions.

4. The sentencing court properly considered the defendant's expunged juvenile record.

Remanded for resentencing before a different judge.

DANHOF, C.J., concurring in part and dissenting in part, stated that a sentencing court properly may consider disciplinary credits in determining whether the sentence imposed reasonably can be served within the defendant's lifetime.

CRIMINAL LAW — SENTENCES — APPEALS OF RIGHT — POSTAPPEAL RELIEF.

A criminal defendant is entitled to an appeal of right of a sentence imposed after the trial court granted postappeal relief from the original sentence because of a retroactive change in the law that undermined the sentence.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for the defendant on appeal.

Before: DANHOF, C.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. Defendant, Rudolpho Martinez, pled guilty in 1984 to a reduced charge of voluntary manslaughter and habitual offender, fourth offense. MCL 750.321; MSA 28.553; MCL 769.12; MSA 28.1084. The judge sentenced him to a prison term of 100 to 150 years. This Court affirmed the sentence and our Supreme Court denied leave to appeal. *People v Martinez,* 147 Mich App 94; 382 NW2d 741 (1985).

However, after the Supreme Court's release of *People v Moore*[1] in 1989, defendant moved for resentencing and the trial judge granted his request. At resentencing, the judge imposed a 77½ to 116¼ year sentence. He stated that the sentence was designed so that, counting disciplinary credits, defendant would be released when he was eighty-seven years old.

, Defendant raises several issues on appeal. Initially, he argues that he is entitled to appeal his second sentence as of right and need not apply for leave to appeal. Next, he asserts that the trial judge erred in considering the effect of disciplinary credits in passing sentence. He contends, moreover, that the second sentence violates *Moore,* because he does not have a reasonable prospect of completing it before he dies. He further argues that resentencing is required, because the judge improperly enhanced his sentence based on several misdemeanor convictions, even though defendant was then without the benefit of counsel. Lastly, defendant contends that the court should not have considered his expunged juvenile record at sentencing.

We hold that defendant properly appealed his second sentence by right. We also remand for resentencing without consideration of the misdemeanor charges. However, we are bound by precedent to reject his other claims.

I

The threshold question is whether defendant may appeal his second sentence as of right or is required to obtain leave. Another panel of this Court initially dismissed this appeal on its own motion for lack of jurisdiction. Relying on MCR 6.509, the panel issued an order stating that "de-

[1] 432 Mich 311; 439 NW2d 684 (1989).

fendant's resentence is a post-judgment order appealable by leave only." The panel later granted defendant's motion for rehearing, vacated its prior order of dismissal and reinstated the appeal. In addition, it ordered the parties to brief the following issue:

> Whether the defendant is entitled to an appeal as of right from his resentencing where his first ` sentence was affirmed on appeal and his resentence was based upon his original conviction and resulted in a lesser sentence than imposed by the first judgment of sentence?

We conclude that defendant is entitled to an appeal as of right.

The Legislature and the Supreme Court have determined that the constitution authorizes an appeal as of right from all final judgments and orders of the circuit court. *People v Pickett,* 391 Mich 305, 311; 215 NW2d 695 (1974); MCL 600.308; MSA 27A.308; MCL 600.309; MSA 27A.309; MCR 7.203(A)(1); Const 1963, art 1, § 20. A criminal defendant may be entitled to more than one appeal as of right. *Pickett,* 310, 316; *People v Jones,* 394 Mich 434, 435; 231 NW2d 649 (1975). A final judgment is reached when the court pronounces a sentence, leaving nothing to be done but enforcement. *Pickett,* 312-313; *Korematsu v United States,* 319 US 432, 435; 63 S Ct 1124; 87 L Ed 1497 (1943).

Subchapter 6.500 of the Michigan Court Rules addresses the procedure a criminal defendant may use to obtain postappeal relief. It applies only to convictions or sentences not subject to appellate review under subchapters 7.200 or 7.300. MCR 6.501. A trial judge may grant relief under subchapter 6.500 if a retroactive change in the law

has undermined its prior decision. MCR 6.508(D)
(2). Appeals from decisions under the subchapter
are available only by leave to the Court of Ap-
peals. MCR 6.509(A).

In the instant case, the trial court granted post-
appeal relief to defendant, because the decision in
*Moore* undermined the validity of defendant's 100
to 150 year sentence.

Had the judge denied defendant's motion for
resentencing, and had defendant wished to appeal
that decision, there is no doubt that he would have
had to apply for leave. MCR 6.509(A). However, it
is not the decision to grant or deny defendant's
motion for resentencing that is on appeal in this
case. Rather, it is the sentence that the judge
imposed at resentencing.

We hold that the second sentence imposed by
the trial judge does not fall within the provisions
of subchapter 6.500. It is a final judgment of the
circuit court appealable as of right. *Pickett,* 312-
313; MCR 7.203(A)(1). As stated in *Pickett,* once a
court delivers its sentence, it has "obviously ren-
dered its final judgment because after sentence the
prison authorities take over." *Id.,* 313.

If we were to adopt plaintiff's interpretation of
subchapter 6.500, every decision reached by the
trial court after the initial appeal would be subject
to review only by leave granted. Assume the trial
court had granted defendant's post-appeal motion
for a new trial instead of the motion for resentenc-
ing. Under plaintiff's interpretation, if defendant
were convicted at the second trial, he would not be
entitled to appeal the conviction as of right. Such
a result was not intended by the Legislature or by
the Supreme Court. *Pickett,* 312-313; *Jones,* 435;
MCL 600.308(1)(a); MSA 27A.308(1)(a). In this case,
only the threshold decision to grant or deny a post-
appeal motion for new trial or resentencing is

governed by the appeal-by-leave provisions of sub-chapter 6.500. MCR 6.509.

II

Next, we address defendant's assertion that the trial court erred in considering disciplinary credits when crafting defendant's sentence. We are persuaded by this argument and would have remanded for resentencing on this ground. However, we are bound by a recent opinion of this Court which held that a trial judge may properly consider disciplinary credits when imposing a sentence consistent with the life expectancy rule of *Moore. People v Weaver (After Remand),* 192 Mich App 231; 480 NW2d 607 (1991); Administrative Order No. 1990-6, 436 Mich lxxxiv.

At resentencing, the trial judge recognized that the ruling in *Moore* required him to impose a sentence which defendant had a reasonable prospect of serving before death overtook him. See *Moore,* 432 Mich 328-329. The judge noted that a panel of this Court has found that a prisoner may reasonably anticipate surviving in prison until the age of eighty-seven years. He then calculated a prison sentence under which defendant would first become eligible for parole when he was eighty-seven years old. In doing so, the judge increased defendant's minimum sentence to compensate for the monthly disciplinary credits he would receive in prison so long as he committed no major misconduct. After factoring in the disciplinary credits, the judge resentenced defendant, 24 years old when initially convicted, to a prison term of 77½ to 116⅓ years.

Our Supreme Court held in *People v Fleming*[2] that a sentencing judge cannot enhance a defen-

[2] 428 Mich 408; 410 NW2d 266 (1987).

dant's prison sentence based on anticipated good time reductions or disciplinary credits. In *People v Rushlow*,[3] the Supreme Court reaffirmed the *Fleming* rule that the sentencing judge must not consider disciplinary credits. However, it distinguished between consideration of credits by the trial court when imposing sentence and consideration of credits by the appellate court when reviewing the sentence for a *Moore* violation. Although the former is prohibited, the latter is permissible:

> We also agree with the Court of Appeals that *Fleming* is distinguishable. There, we held that it is improper for a judge to consider the effect of disciplinary credits in determining what sentence to impose. We reasoned that it would frustrate legislative intent to circumvent or nullify the sentence-reduction act by taking away disciplinary credits in advance. We also said that it would be inconsistent with the sentencing guidelines, and would give rise to basic unfairness.
>
> In the instant case, there are no such dangers. A trial court's duty is to impose a sentence that fits as precisely as possible the particular offender and the particular offense, taking into account all permissible factors. An appellate court's duty, however, is to determine whether a sentence exceeds the outer limits of a trial court's sentencing discretion. In other words, disciplinary credits are not considered on appeal to determine what sentence a defendant *should* serve, but rather what sentence a defendant *will* serve. The distinction is subtle, but significant. [*People v Rushlow*, 437 Mich 149, 155; 468 NW2d 487 (1991). Emphasis in original. Also see separate opinion by LEVIN, J., 159-160.]

Despite the distinction drawn by the Supreme Court between the treatment of disciplinary credits by a trial judge and by an appellate judge, another panel of this Court recently stated:

[3] 437 Mich 149; 468 NW2d 487 (1991).

We also find no error in the trial court's consideration of disciplinary credits in resolving this statutory issue. Regular disciplinary credits are an appropriate consideration. *People v Rushlow,* 437 Mich 149, 155; 468 NW2d 487 (1991). [*People v Weaver, supra,* 234.]

Administrative Order No. 1990-6 requires us to follow what we view as a misinterpretation of *Rushlow;* but for *Weaver,* we would remand for resentencing, barring the consideration of disciplinary credits. Considering disciplinary credits when fashioning a sentence to satisfy *Moore* violates the intent of the sentence-reduction act in the same way as considering them does in fashioning any other sentence. *Fleming,* 422-427; *Rushlow,* 155-156; MCL 800.33; MSA 28.1403.

### III

Defendant next contends that, even if it be appropriate to take into account disciplinary credits, he cannot reasonably expect to serve his sentence to completion before death; therefore, it violates the *Moore* life expectancy rule. Again, while defendant's arguments are persuasive, we are compelled by precedent to reject them. See *People v Gist,* 190 Mich App 670, 672; 476 NW2d 485 (1991). In *Rushlow,* our Supreme Court held that a prisoner had a reasonable prospect of living until he was eighty-seven years old. *Rushlow,* 154, 156. In *Weaver,* our Court went so far as to state that a thirty-year-old prisoner had a reasonable prospect of living into his early nineties. *Weaver,* 234-235.

Accordingly, we have no choice but to find that defendant, who will be eighty-seven years old when first eligible for parole, has a reasonable

prospect of serving his sentence.[4] But see criticism of *Weaver* and *Rushlow* in *Gist,* 672; *Rushlow,* 158-159 (separate opinion by Levin, J.) and *Weaver,* 235-237 (dissenting opinion by Hood, J.).

IV

Defendant also asserts that he is entitled to resentencing before a different judge, because the sentencing judge considered defendant's prior invalid misdemeanor record. We agree.

Prior to sentencing, defendant moved to strike several 1977 misdemeanors from the presentence report and objected to the judge considering them when imposing sentence. The prosecutor conceded that the convictions were constitutionally infirm, by reason of having been obtained without the benefit of counsel and without a valid waiver of counsel.

The judge stated that he would not consider defendants' actions in 1977 as convictions, since the convictions were invalid. However, he found it appropriate to consider the acts as "contact with the system." Instead of deleting the convictions from the report, he altered the report to reflect that the 1977 convictions were invalid.

This Court has rejected the approach which the trial judge took to convictions obtained without the benefit of counsel. In one case, we wrote:

> The sentencing court acknowledged that it had considered uncounseled convictions when imposing the sentence, but reasoned that it was aware of the infirmity, noted this factor on the record prior

---

[4] Defendant contends for the first time on appeal that, using corrected figures, he would be eighty-eight years old when first eligible for parole. Even if we were to accept defendant's calculations, we are compelled by *Weaver* to find that defendant has a reasonable prospect of serving his sentence.

to passing sentence, and thus no error occurred. See [*People v Moore*, 391 Mich 426, 437; 216 NW2d 770 (1974)]. We disagree. In [*People v Olah*, 409 Mich 948; 298 NW2d 422 (1980)], our Supreme Court held in no uncertain terms that "[a] court may not enhance punishment at sentencing because of a misdemeanor or ordinance conviction obtained when defendant was not represented by counsel," citing *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980). In departing from the guidelines on the basis of constitutionally infirm misdemeanor convictions, we find that the sentencing court "enhanced punishment" and therefore erred. It is well settled that a court may not consider factors violative of a defendant's constitutional rights in passing sentence. . . .

We conclude that defendant is entitled to a resentencing and a correction of the presentence information report in which references to prior uncounseled convictions shall be stricken. We believe it is appropriate that defendant be resentenced before a different judge. See *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986). We cannot reasonably expect the sentencing judge to erase from his mind previously expressed views and findings involving the defendant. [*People v Miller*, 179 Mich App 466, 469-470; 446 NW2d 294 (1989).]

As did the judge in *Miller*, the trial judge in this case erred in considering defendant's misdemeanor charges when imposing the sentence. It is improper to enhance a defendant's sentence denominating it "contact with the system" when that "contact" resulted in an invalid conviction. Furthermore, the convictions should have been deleted from the presentence report. It is not sufficient merely to indicate on the report that the convictions were unconstitutionally obtained. *Miller*, 469. We remand for resentencing before a different judge without consideration of the invalid convictions. *Miller*, 470.

V

Lastly, defendant contends that the trial judge erred in considering his expunged juvenile record and in failing to strike mention of the record from the presentence report. This position was recently rejected by our Supreme Court. *People v Smith,* 437 Mich 293; 470 NW2d 70 (1991). The court rule allowing automatic expungement of juvenile offense records was not intended to bar a judge from considering an expunged juvenile record when sentencing the offender as an adult. *Id.,* 304.

VI

In summary, defendant has properly exercised his appeal as of right in this case. We are bound by precedent to reject defendant's *Moore* claims. The trial judge properly considered defendant's expunged juvenile records when sentencing him. However, he erred in considering defendant's convictions obtained without the benefit of counsel and in failing to delete the invalid convictions from the presentence report. We remand for a corrected presentence report and for resentencing before a different judge.

Remanded.

SHEPHERD, J., concurred.

DANHOF, C.J. *(concurring in part and dissenting in part).* I am not persuaded by defendant's claim that the trial court erred in considering disciplinary credits when crafting his sentence. Under *People v Rushlow,* 437 Mich 149, 155-156; 468 NW2d 487 (1991), a trial court may properly consider regular, but not special, disciplinary credits in fashioning an appropriate sentence under *People v Moore,* 432 Mich 311, 329; 439 NW2d 684

(1989), but must not consider disciplinary credits as a reason for enhancing a sentence as proscribed by *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987). The majority has misinterpreted *Fleming* and *Rushlow* in this regard.

When a trial judge is faced with a defendant whose crime and personal circumstances call for the lengthiest prison term possible, it is irrational to require that judge to adhere to the rule of *Moore* without considering the effect of disciplinary credits. Were such a judge to accomplish such a feat, the resulting sentence would very likely fail to meet most, if not all, of the proper objectives of sentencing.

Therefore, *People v Weaver (After Remand),* 192 Mich App 231; 480 NW2d 607 (1991), was correctly decided.

Accordingly, I am not reluctant to reject defendant's claim that he cannot reasonably be expected to serve his sentence before death overtakes him. *Rushlow,* 154, 156; *Weaver,* 234-235.

In all other respects, I concur with the majority.