# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DERRICK LAVELLE RANDOLPH,

       Defendant-Appellant.

UNPUBLISHED
June 13, 2017

No. 332221
Genesee Circuit Court
LC No. 13-032599-FC

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right an amended judgment of sentence entered after a resentencing hearing, raising issues related to trial that were not raised on appeal from the original judgment of sentence. Because we are without jurisdiction to consider defendant's claims, we affirm.

Defendant was convicted after a jury trial of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced on April 29, 2014, as a fourth habitual offender, MCL 769.12, to 152 to 250 months' imprisonment for the AWIGBH conviction, 19 to 60 months' imprisonment for the felon in possession of a firearm conviction, and 24 months' imprisonment for the felony-firearm conviction. Although an appellate attorney was appointed, defendant failed to timely appeal his conviction or sentence.

On December 2, 2014, defendant moved the trial court for relief from his judgment of sentence pursuant to MCR 6.502 and MCR 6.508(D)(3), arguing that the trial court's improper assessment of two offense variables (OVs), rendered his sentence invalid. At a hearing on defendant's motion, the prosecutor argued that the trial court's assessment of OV 4 may have been proper, but conceded that the assessment of OV 13 was unsupported. The prosecutor also conceded that a correction of OV 13 would result in a 16-month difference in defendant's sentencing guidelines range. The trial court determined that the failure of defendant's appointed trial counsel to raise the scoring issues at sentencing, in a motion for resentencing, or on appeal, constituted ineffective assistance of counsel. Citing *People v Kimble*, 470 Mich 305, 313-314; 684 NW2d 669 (2004) (holding that a defendant deprived of the effective assistance of counsel at sentencing and prejudiced as a result of inaccurately scored OVs is "clearly entitled to relief

-1-

under MCR 6.508(D)(3)"), the trial court concluded that defendant had thus satisfied the requirements of good cause for delay and actual prejudice under MCR 6.508(D)(3), and granted defendant's motion for relief from judgment. At a February 22, 2016 resentencing hearing, defendant was sentenced to 136 to 250 months' imprisonment for the AWIGBH conviction, 19 to 60 months' imprisonment for the felon in possession of a firearm conviction, and 24 months' imprisonment for felony-firearm conviction.

On appeal, defendant raises two issues—ineffective assistance of trial counsel and improper admission of evidence at trial—that are not related to defendant's resentencing and were not raised in defendant's motion for relief from the April 29, 2014 judgment of sentence. In response, the prosecution argues that defendant's appeal of right from the amended judgment of sentence is limited to issues related to defendant's resentencing, and defendant's claims are therefore not properly before this Court. We agree.

"The question of jurisdiction is always within the scope of this Court's review. . . ." *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009) (quotation marks and citation omitted; alteration in original). "Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012).

Defendant has provided no authority granting this Court jurisdiction to consider claims relating to trial matters after resentencing that could have been raised in an appeal as of right after the initial sentencing. Defendant broadly asserts that his appeal of right following resentencing "extends to all issues as a result of the issuance of the amended judgment of sentence," but fails to provide any support for this assertion. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims." *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015) (quotation marks and citation omitted). We could therefore consider defendant's jurisdictional argument abandoned, see *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001), and simply dismiss his appeal for lack of jurisdiction, see *Chen v Wayne State Univ*, 284 Mich App 172, 199; 771 NW2d 820 (2009). However, mindful of the prosecution's request for clarification, we note that we also find defendant's argument regarding this Court's jurisdiction legally unsound.

A criminal defendant has the opportunity to raise any questions concerning his trial on his first appeal as of right from his original judgment of sentence. Under MCR 7.204(2)(c), an appeal of right in a criminal case must be taken within 42 days after entry of the judgment or order appealed from. "When a final order is entered, a claim of appeal from that order must be timely filed." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). "[F]ailure to comply with the timing requirements for an appeal as of right deprives this Court of jurisdiction to consider the appeal as of right." *Chen*, 284 Mich App at 193; see also *People v Cross*, 30 Mich App 326, 347; 186 NW2d 398 (1971) ("It cannot be disputed that defendant has, by reason of his failure to take a timely appeal, lost his right to an appeal as of right."). The subsequent entry of an amended judgment of sentence did not restart the clock or revive the appeal as of right defendant forfeited when he failed to comply with the timing requirements. This Court's jurisdiction to consider defendant's trial-related claims pursuant to an appeal as of right expired 42 days after the trial court's entry of the original judgment of sentence.

Defendant's appeal is, in every sense, an untimely appeal from the original judgment of sentence. We are thus without jurisdiction to consider defendant's claims as they are presently before this Court.

We note that although defendant's failure to timely file effectively deprived this Court of jurisdiction to consider defendant's claims via an appeal as of right, defendant was not left without recourse. Our court rules outline several alternative methods for seeking relief after the time for filing an appeal of right has run. Within six months after the judgment of sentence enters, a criminal defendant may file an application requesting leave to appeal pursuant to MCR 7.205(G), so long as he has not "previously taken an appeal from that judgment by right or leave granted or [] sought leave to appeal that was denied," MCR 7.205(G)(2), or file a motion to correct an invalid sentence under MCR 6.429. Even after six months, a criminal defendant who can show good cause for his failure to timely raise his claims and actual prejudice resulting from irregularities supporting his claims retains the right to seek postappeal relief from his judgment of sentence under MCR 6.508(D). These court rules provide an opportunity for a criminal defendant to raise legitimate claims beyond the time for filing an appeal of right. But each rule only provides an opportunity for the criminal defendant to challenge *the final order he failed to timely appeal*. The rules are mere substitutes for the forfeited appeal of right, and no order entered pursuant to these procedures revives the appeal of right defendant failed to pursue.

Here, defendant followed the appropriate procedures for postappeal relief under MCR 6.508(D), one of the available avenues for seeking relief after the time for an appeal of right expires. Defendant was thereby presented with an opportunity to raise any claims for relief he was unable to raise in a timely filed claim of appeal from the original judgment of sentence. Defendant again failed to raise the issues he now attempts to raise on appeal, arguing only that his sentencing guidelines had been improperly assessed. The trial court granted defendant's motion, entering two orders—an order granting defendant's motion for relief from judgment and an amended judgment of sentence after a resentencing hearing—over which this Court had jurisdiction on appeal. MCR 6.509(A); MCR 7.203(A)(1). Defendant appealed as of right the amended judgment of sentence.

It is undisputed that defendant had an appeal of right from the judgment of sentence entered after his resentencing hearing. MCR 7.203(A)(1); MCR 7.202(6)(b); *People v Martinez*, 193 Mich App 377, 380-381; 485 NW2d 124 (1992). However, it is well-established that "[a]n appeal from resentencing is limited to the resentencing proceeding." *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). A criminal defendant cannot revive previously forfeited claims by raising them in an unrelated appeal. See *Surman*, 277 Mich App at 294 ("A party cannot wait until the entry of a subsequent order to untimely appeal an earlier final order"); see also *People v Kaczmarek*, 464 Mich 478, 482-483, 485; 628 NW2d 484 (2001) (explaining that the scope of a defendant's appeal from a resentencing following the revocation of probation is limited to those issues the defendant could not have raised in an appeal from his initial conviction). To allow a criminal defendant to raise matters related to trial on an appeal after resentencing would, in effect, be granting the defendant two appeals of right to the same final determination, and render the timing requirements of MCR 7.204(2)(c) meaningless. See *People v Pickett*, 391 Mich 305, 317; 215 NW2d 695 (1974), superseded on other grounds by Constitutional Amendment as stated in *Kaczmarek*, 464 Mich at 482.

-3-

Defendant asks this Court, should it find itself without jurisdiction to consider his claims, to consider whether prior appellate counsel's failure to raise the trial-related matters in defendant's motion for relief from judgment constituted ineffective assistance of counsel. Although defendant had an appeal as of right from the judgment of sentence entered after resentencing, he did not have an appeal as of right from the trial court's order granting defendant's motion for relief from judgment. Appeals from decisions under MCR 6.508 are only by application for leave to appeal under MCR 7.205. MCR 6.509(A); *People v Kincade*, 206 Mich App 477, 482; 522 NW2d 880 (1994). Defendant's ineffective assistance of counsel claim relates to the motion for relief from judgment and not the resentencing proceeding. It is therefore outside the scope of this Court's review on appeal from the amended judgment of sentence.

Affirmed.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello